**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAINOR AMILCAR MARROQUIN, | No. 14-73658 |
| Petitioner, | Agency No. A072-544-152 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016[**]

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Mainor Amilcar Marroquin, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen, and review de novo

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

constitutional claims. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Marroquin's second motion to reopen as untimely and number-barred, where the motion was filed five years after the agency's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Marroquin failed to establish changed circumstances in Guatemala to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii).

Marroquin's contentions that the BIA improperly evaluated evidence or his affidavit, failed to consider factors, or relied upon speculation in denying his motion are not supported by the record. *See Najmabadi*, 597 F.3d at 990 (The agency "does not have to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (internal quotation marks omitted)).

To the extent that Marroquin contends that the denial of his motion to reopen constitutes a due process violation, this claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on due process claim).

14-73658

To the extent Marroquin challenges the agency's finding of deportability during his 2007 proceedings or the BIA's 2012 decision denying his first motion to reopen, we lack jurisdiction to consider these contentions because this petition for review is not timely as to those decisions. *See* 8 U.S.C. § 1252(b)(1); *Stone v. INS*, 514 U.S. 386, 405 (1995).

In light of this disposition, we need not address Marroquin's remaining contentions regarding his eligibility for relief.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**